# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:05cv24

| | |
|---|---|
| CASSANDRA PONDER,            ) | |
|                              ) | |
| **Plaintiff,**               ) | |
|                              ) | **MEMORANDUM AND** |
| Vs.                          ) | **RECOMMENDATION** |
|                              ) | |
| NATIONAL HEARING CENTERS,    ) | |
| INC., a Delaware Corporation; THE   ) | |
| WHIPKEY CORPORATION, a North) | |
| Carolina Corporation; PAYCHEX,    ) | |
| INC., a Delaware Corporation; ) | |
| WEHR DISSOLUTION             ) | |
| CORPORATION, a Missouri      ) | |
| Corporation; and ROBERT F.   ) | |
| BUNCH,                       ) | |
|                              ) | |
| **Defendants.**              ) | |
| _____ ) | |

**THIS MATTER** is before the court in accordance with 28, United States Code,

Section 636(b), and upon the motions to dismiss filed by respective defendants. This matter

was originally filed on January 3, 2005, in the North Carolina General Court of Justice,

Superior Court Division, for Buncombe County. After plaintiff took a voluntary dismissal

as to defendant Paychex, Inc., on January 17, 2005, the remaining defendants jointly removed

this action to this court on February 2, 2005, asserting federal question jurisdiction. Plaintiff

appears to have attempted to assert claims against all defendants under Title VII of the Civil

Rights Act of 1964 (hereinafter "Title VII") and under state law for Intentional Infliction of

Emotional Distress (hereinafter "IIED"). After removal, defendants filed motions to dismiss the complaint, as follows:

(1)   National Hearing Centers, Inc.'s Motion to Dismiss the Title VII claim;

(2)   Wehr Dissolution Corporation's Motion to Dismiss the Title VII claim and the IIED claim; and

(2)   Robert F. Bunch's Motion to Dismiss the Title VII claim and the IIED claim.

The only other defendant, The Whipkey Corporation filed its Answer which contained as a first defense a prophylactic motion to dismiss. Motions to dismiss contained in an answer do not ripen until a party files a supporting memorandum of law in compliance with Local Rule 7.1. Whipkey's motion is not, therefore, ripe. Plaintiff has, however, *sua sponte* addressed this motion in her response. Plaintiff has filed a consolidated brief responsive to all of defendants' motions to dismiss, and defendants Wehr and National Hearing Centers, Inc., have filed replies.

## I.   Background

In this action, it appears that plaintiff has attempted to assert claims under Title VII and a supplemental IIED claim. Key to the pending motions is understanding who employed plaintiff and during what period plaintiff was employed by each defendant.

### A.   Plaintiff's Employment Status

On December 20, 2001, plaintiff was employed by defendant Wehr Dissolution Corporation, then known as National Hearing Centers, Inc. On August 27, 2003, the assets

of National Hearing Centers, Inc., were purchased by Amplifon Acquisition Corporation, which sale also included the use of the corporate name "National Hearing Centers, Inc." Instantaneously with the sale, Amplifon became National Hearing Centers, Inc., and the corporation formerly known as National Hearings Centers, Inc., became Wehr Dissolution Corporation.

On July 14, 2004, The Whipkey Corporation became plaintiff's employer at the "National Hearing Centers" office in Henderson County. The Whipkey Corporation had entered into a contract with National Hearing Centers, Inc., to operate that particular sales office. Plaintiff left the employment of Whipkey on August 24, 2004.

## B.    The Substance of Plaintiff's Claims

Substantively, plaintiff's claims of discrimination and intentional infliction of emotional distress stem from alleged sexual harassment by defendant Robert F. Bunch. Plaintiff contends that Defendant Bunch was at all relevant times an employee of the defendants and the store manager, while she worked as an associate. Plaintiff has alleged sexual harassment by Defendant Bunch that spanned her employment at the National Hearing Centers office. She contends that she brought such harassment to the attention of her final employer, The Whipkey Corporation, and that she resigned when that employer allegedly failed to take any remedial action.[1]

---

[1]    The administrative record provides documentation that would belie this allegation, including materials indicating that Defendant Bunch was terminated upon plaintiff's first informing her employer on her allegations of sexual harassment.

3

Plaintiff's Complaint, which consists of 35 numbered paragraphs, does not set forth separate causes of action for her federal and state claims. <u>See</u> Fed.R.Civ.P. 10(b); <u>c.f.</u> N.C.R.Civ.P. 10(b). Further, plaintiff uses "defendants" generically as to each non-delineated claim. Reading the Complaint in a light most favorable to plaintiff, it appears that she is alleging that all named defendants violated Title VII of the Civil Rights Act of 1964 and that all defendants allegedly committed Intentional Infliction of Emotional Distress.

Clear pleadings not only place a defendant on notice of the alleged wrongful conduct complained of, artfully drafted complaints assist the court in fulfilling its obligation to the parties and the public in culling impotent claims from the docket and drafting appropriate instructions for a jury. The allegations of the plaintiff's Complaint are <u>not</u> clear. Plaintiff's complaint is not in conformity with Rule 10(b), Federal Rules of Civil Procedure, which provides:

> **Paragraphs; Separate Statements**. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. **Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.**

<u>Id.</u> (emphasis added). The North Carolina Rules of Civil Procedure provide a nearly identical obligation. In drafting her Complaint, plaintiff failed completely to set forth separate "causes of action" for each claim. Compounding the problem, plaintiff failed to reference which defendant was being sued for what claim, simply referencing "defendants" as to each claim.

5

Words are precision tools of the legal profession and, to avoid harm, they must be employed with great care by attorneys representing parties in litigation.

## IV.    Defendants' Motions to Dismiss

Some of the defendants have moved to dismiss the Complaint in its entirety; another defendant has moved to dismiss some but not all of the claims; and one defendant has not supported its dismiss with a memorandum. A listing of the motions shows that:

(1)    Defendant Wehr Dissolution Corporation has moved pursuant to Rule 12(b)(1) (lack of subject matter jurisdiction), and seeks dismissal based on plaintiff's:

(A)    filing this action outside the time provided in an arbitration agreement; and

(B)    failure to name or serve Wehr in the administrative charge of discrimination.

(2)    Defendant National Hearing Centers, Inc., (formerly known as Amplifon) has moved to dismiss pursuant to Rule 12(b)(1) (lack of subject matter jurisdiction), and seeks dismissal based on plaintiff's:

(A)    failure to name or serve National Hearing Centers, Inc., in the administrative charge of discrimination.

(3)    Defendant Robert F. Bunch has moved pursuant to Rule 12(b)(6) (failure to state a cause of action), and seeks dismissal based on plaintiff's:

(A)    filing this action outside the time provided in an arbitration agreement;

6

(B)    filing an action under Title VII against a non-employer, arguing that an

individual is not subject to suit under Title VII as a matter of law and

failure to name or serve Defendant Bunch in the administrative charge

of discrimination;

(4)    Defendant The Whipkey Corporation has not filed a separate motion, but

included in its Answer an affirmative defense under Rule 12(b)(6), asserting

that the plaintiff has failed to properly plead a claim for emotional distress.

## V.    Standard of Review

### A.    Rule 12(b)(1) Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject

matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either

by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884).

The ability of the court to independently address subject-matter jurisdiction is important to

finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may

wait until they receive an adverse judgment from a district court and raise the issue of

subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron

v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil

Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the

parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall

dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

**B.     Rule 12(b)(6) Standard**

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."

Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

## VI. Discussion

This court has spent a great deal of time attempting to piece together from plaintiff's Complaint and Response to the motions exactly what she alleged occurred and what claims she contends are viable. From the outset, this court finds merit in defendant Wehr Dissolution Corporation's argument in its Reply, in which such defendant most accurately states that

> it is unclear from Plaintiff's Response to Defendants' Motion To Dismiss as to whether Plaintiff is actually pursuing any claim against Defendant Wehr Dissolution Corporation. Plaintiff, in her response, completely fails to address any of Wehr Dissolution Corporation's legal arguments.

Wehr's Reply, at 1. In fact, the problems discussed above with the Complaint are also found in plaintiff's Response: it is nearly impossible to determine which of the multiple motions to dismiss is being addressed by plaintiff at any given point. Absolutely no case law is cited by plaintiff in responding to the various motions to dismiss her Title VII claims. Where a party fails to cite case law, the burden falls to the court to determine whether there exists case law that would support continuation of a plaintiff's claim. This is unfair to defendants who have done their own work at their own expense, and to the public which is footing the bill; however, it is well established in the Fourth Circuit that errors of counsel should not be

attributed to innocent client.

**A.      Title VII Claims: Dismissal Based on Failure to Name Certain Defendants in the Administrative Claim**

Under Rule 12(b)(1), this court's subject-matter jurisdiction over a Title VII claim is dependent on exhaustion of the administrative remedy before the EEOC. The only defendant named in the administrative charge of discrimination was "National Hearing Center," which is a misnomer and is not the lawful name or former lawful name of any defendant to this action. Plaintiff admits that the only defendant that was served with the Title VII administrative charge was The Whipkey Corporation and that such defendant is "subject to dismissal" because it was not named. Response, at 2. In as Title VII action where a defendant is not names and had no notice of the administrative claim, this court simply lacks jurisdiction over the subject matter of that claim. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

As to the remaining corporate defendants, plaintiff argues that she should not be burdened by such failure, inasmuch as it was the EEOC's fault in not serving the notices properly. Plaintiff fails to argue that any of the remaining defendants received actual or constructive notice or cite *any* case law responsive to defendants' arguments or in furtherance of her argument concerning the impact of supposed EEOC error. Importantly, plaintiff has failed to inform the court that as early as September 14, 2004, she was represented by counsel in the EEOC proceedings and that it was counsel who referenced the misnomer "National Hearing Center" in his representation letter to the EEOC. Further,

11

counsel for plaintiff before the EEOC is the same attorney representing her in this matter. Finally, plaintiff has not argued or explained why she failed to file a second charge of discrimination or amend her original charge to properly name her actual employers.

Under Title VII, a suit may not be maintained in federal court until such time as the aggrieved person has exhausted their administrative avenues for redress. <u>Love v. Pullman Co.</u>, 404 U.S. 522 (1972). The EEOC may not be bypassed in order to make direct application to the courts. <u>Stebbins v. Nationwide Mut. Ins. Co.</u>, 382 F.2d 267 (4th Cir. 1967), <u>cert</u>. <u>denied</u>, 390 U.S. 910, <u>reh'g denied</u>, 390 U.S. 976 (1968).

> [O]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.

<u>Evans v. Technologies Applications & Serv. Co.</u>, <u>supra</u>, at 963.

In the Western District of North Carolina, the judges of this district have consistently held that "Title VII precludes a plaintiff from stating a claim against any defendant not named as a respondent in an EEOC charge." <u>Schilling v. Rutherford Pediatrics, P.A.</u>, 346 F.Supp.2d 828 (W.D.N.C.2004); <u>Jackson v. Blue Dolphin Communications of North Carolina</u>, ___ F.Supp.2d___, 2004 WL 3216067 (W.D.N.C. 2004). <u>See also</u> <u>Mickel v. South Carolina State Employment Service</u>, 377 F.2d 239, 241-42 (4th Cir. 1967). Two exceptions to this requirement have developed where

> (1)     the named and unnamed parties have substantially the same identity or have an agency relationship; or

(2)    the EEOC could infer from the facts in the charge that the unnamed defendant

        violated Title VII.

Brown v. Scotland County, No. 1:01CV00936, 2003 WL 21418099, at 9 (M.D.N.C. June

17, 2003). A third exception has been developed in this district whereby a claim against an

unnamed employer will not be dismissed when it can be shown that such employer had

actual notice of the EEOC conciliatory efforts and participated in the EEOC proceedings.

Bostic v. Wall, 588 F.Supp. 994, 997 (W.D.N.C.1984), aff'd, 762 F.2d 997 (4th Cir.1985).

      The court has reviewed plaintiff's Charge of Discrimination, which appears as Exhibit

A to plaintiff's Complaint. Inasmuch as the subject-matter jurisdiction of this court is called

into question, the court has reviewed the EEOC administrative file, which appears as Exhibit

1 to National Hearing Centers, Inc.'s Reply. In light of such documents, each exception will

be considered seriatim. Such documents which are outside the pleadings maybe considered

since the motions of Wehr and NHC are made pursuant to Rule 12(b)(1), without converting

the matter to one for summary judgment. Lambeth v. Carolina Personnel Co., Inc., _____

F.Supp. ____, 2005 WL 310525 (M.D.N.C. 2005).

      In considering whether plaintiff meets the first exception (identity or an agency

relationship), it must first be determined which employer was actually named: here, plaintiff

named "National Hearing Center," which is not the legal name of any of the defendants.

Next, the court must determine which employers were unnamed, which would be all the

defendants named in the civil complaint. Plaintiff has made absolutely no argument that any

of these parties have substantially the same identity or have an agency relationship with the non-existent "National Hearing Center." The first exception is not, therefore, satisfied.

In considering whether plaintiff meets second exception (whether plaintiff supplied enough information in the EEOC charge), the court has reviewed Exhibit A to the Complaint and Exhibit 1 to the National Hearing Centers, Inc.'s Reply. On the charging form, plaintiff listed "National Hearing Center" as her employer and provided an address and telephone number in Henderson County. The form provided two blanks to name employers, only one of which she filled in or was filled in for her. The instructions for such section further provided that "[i]f more than two, list under PARTICULARS below." Complaint, Exhibit A (emphasis in the original). In her particulars, plaintiff states that she was "employed by the above company as an Associate," thereby giving no indication to the EEOC that she may have had more than one employer during the alleged period of discrimination. Review of the paperwork submitted by plaintiff to the EEOC in support of such charge, NHC's Exhibit 1, reveals that she failed to give the EEOC investigator any information as to the correct identities of a number of her former employers, with the exception of The Whipkey Corporation. Further, the letter to the EEOC from counsel appears to have been unaccompanied by any enclosures and the text of such letter simply reinforces plaintiff's own error, all of which clearly shows why the EEOC named a non-existent company. Plaintiff's ascription of fault to the EEOC is, therefore, wholly unsupported. Because the information supplied in the form would not lead a reasonable person to believe she worked for anyone

else, plaintiff fails to satisfy the second exception as to any of the defendants, except The Whipkey Corporation, which did participate in the EEOC investigation and, quite properly, has not perfected its motion to dismiss.

In considering whether plaintiff meets the third exception, which allows suit to proceed against an administratively unnamed party that had actual notice of the EEOC conciliatory efforts and participated in the EEOC proceedings, the court has closely reviewed plaintiff's Complaint and Response for any allegation that any of the defendants had notice and actually participated. Bostic v. Wall, supra. In this case, plaintiff has argued that defendant The Whipkey Corporation received the charge and actually participated in the EEOC proceedings. Response, at 3. Apparently, plaintiff was unaware of Bostic and prematurely conceded that "The Whipkey Corporation, would be subject to dismissal since it was not in any manner named in the charge." Response, at 3. The cause of this error appears to be the lack of even minimal research.

There is no other argument concerning any other defendant, and plaintiff concedes that Defendant Bunch is not amenable to suit under Title VII in any event. Since a charge of discrimination was never filed against Defendant Bunch, this court not only lacks subject-matter jurisdiction over any claim against him, plaintiff also fails to state a claim as a matter of law. As a result, Defendant Bunch's Motion to Dismiss made pursuant to Rule 12(b)(6) should be allowed, and plaintiff properly concedes as much.[3]

---

[3] As to Defendant Bunch's Rule 12(b)(6) motion, the court has considered only the Complaint and the attachment to it and has not gone outside the pleadings.

As to The Whipkey Corporation, plaintiff's failure to consider, cite, or argue the law surrounding administrative exhaustion has lead the court to a difficult crossroads. On the one hand, case law provides that The Whipkey Corporation has been properly joined in this civil action inasmuch as it actually received the administrative charge and participated in the EEOC investigation. <u>Bostic v. Wall</u>, <u>supra</u>. On the other hand, plaintiff has as much confessed judgment by stating that her claims against The Whipkey Corporation are "subject to dismissal." Response, at 2. In deciding which way to turn, the undersigned has heeded the instructions of the of the Court of Appeals for the Fourth Circuit in <u>United States v. Moradi</u>, 673 F.2d 725, 728 (4th Cir. 1982), which held that "justice demands that a blameless party not be disadvantaged by . . . errors of counsel which cause a final, involuntary termination of the proceedings." <u>Accord</u> <u>Wilkerson v. Carolina Christian Ministries, Inc.</u>, 1999 WL 33320927, at 2 (W.D.N.C. 1999)(Thornburg, J.). In the end, it is likely that The Whipkey Corporation was well aware of <u>Bostic</u> and, quite properly, did not pursue the motion to dismiss contained in its Answer. The undersigned will, therefore, recommend that the Title VII action as to The Whipkey Corporation proceed without prejudice as to such defendant later seeking dismissal through summary judgment. The undersigned will further recommend that the Title VII claims against all other defendants be dismissed for either lack of subject-matter jurisdiction based on failure to exhaust administrative remedies or failure to state a claim.

Having conducted the analysis provided by current case law, the undersigned will

recommend that plaintiff's Title VII claims against all corporate defendants, other than defendant The Whipkey Corporation, be dismissed for lack of subject-matter jurisdiction based on plaintiff's failure to pursue and exhaust administrative remedies pursuant to Rule 12(b)(1). The undersigned will also recommend that the Title VII claim against Defendant Bunch be dismissed as a matter of law, pursuant to Rule 12(b)(6), inasmuch as a coworker or supervisor is not an "employer" as that term is used in Title VII.

## B.    Intentional Infliction of Emotional Distress

Defendant Wehr and Defendant Bunch have moved to dismiss plaintiff's claim for Intentional Infliction of Emotional Distress ("IIED claim"), pursuant to Rule 12(b)(1) and Rule 12(b)(6) respectively. Neither The Whipkey Corporation nor defendant National Hearing Centers, Inc., has moved to dismiss the IIED claims asserted against them. Because each moving defendant has asserted different arguments, the motions will be addressed *seriatim*.

### 1.    Wehr's Motion to Dismiss: Rule 12(b)(1)

Defendant Wehr Dissolution Corporation asserts that plaintiff's common law claim against it is barred by the arbitration agreement plaintiff entered into with Wehr, and having failed to arbitrate this matter within the time provided, the claim is now time barred.[4]  In

---

[4]    Such argument has also been asserted by Wehr in support of dismissal of the Title VII claim. Inasmuch as this court lacks subject-matter jurisdiction over the Title VII claim asserted against Wehr, there is no need to reach arbitration/time bar argument. Clearly, the prevailing case law cited by Wehr clearly shows that the Title VII claim would equally be barred by the arbitration agreement and the passage of time.

support of its argument, Wehr cites the decision of the Middle District of North Carolina in

Collie v. Wehr Dissolution Corp., 345 F.Supp.2d 555 (M.D.N.C. 2004), which specifically

addressed this issue and found, as follows:

> Plaintiff alleges that National Hearing Centers, Inc., failed to assent to
> be bound and failed to make any promises, thus National Hearing Centers,
> Inc., failed to offer any consideration. An exchange of " '[m]utual binding
> promises provide[s] adequate consideration to support a contract.' "   In
> particular, "[w]here each party agrees to be bound by an arbitration agreement,
> there is sufficient consideration to uphold the agreement."
>
> Here, Plaintiff and National Hearing Centers, Inc., both exchanged
> promises in executing the Agreement. The express language of the Agreement
> states that arbitration is "the *exclusive means* of resolving any dispute arising
> out of your [the employee's] employment or termination from employment by
> *National Hearing Centers, Inc. or you.*" Further, National Hearing Centers,
> Inc., continued its at-will employment of Plaintiff, and Plaintiff continued
> working for National Hearing Centers, Inc.   Accordingly, both parties
> consented to submitting disputes arising out of Plaintiff's employment to
> arbitration, and the Agreement does not fail for lack of consideration.

d., at 559 (citations omitted).  It is undisputed by plaintiff that the arbitration agreement with

Wehr in Collie is the same agreement in this case. The agreement in Collie was found to bar

the plaintiff's action because the court lacked subject-matter jurisdiction.   That same

agreement bars the plaintiff in this case.

Plaintiff has failed to address why the reasoning of Collie should not be applied to

her claims. Without question, plaintiff entered into an arbitration agreement with this

defendant which she failed to honor before filing this action. Further, the agreed- to- period

of limitations of one year had more than passed when she filed this action. Plaintiff does not

dispute this point either.   The undersigned  finds the reasoning of Collie compelling,

unopposed, and consistent with current case law, and will recommend that plaintiff's common-law claim asserted against Wehr be dismissed with prejudice as time barred based on the arbitration agreement.

### 2. Defendant Bunch's Motion to Dismiss: Rule 12(b)(6)

Defendant Bunch has also moved to dismiss the IIED claim against him contending that he, like the employees sued in <u>Collie</u>, is entitled to invoke the arbitration agreement entered into by plaintiff and Wehr.

Procedurally, Rule 12(b)(6) does not appear to be the mechanism for considering this argument, inasmuch as consideration of the arbitration agreement would be outside the Complaint. Instead, the substance of this defendant's motion calls into question the subject-matter jurisdiction of this Court, because he is arguing that plaintiff failed to first arbitrate this matter pursuant to an arbitration agreement before bringing this action to this court. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. <u>Mansfield, C. & L.M.R. Co. v. Swan</u>, <u>supra</u>. The undersigned chooses to raise the issue, especially in light of <u>Collie</u>, <u>supra</u>, which resolves the exact same issue.

Considered under Rule 12(b)(1), the undersigned agrees with Defendant Bunch that he too would enjoy the benefits of arbitration as to claims that arose while he was employed by Wehr. Again, the undersigned adopts the reasoning of <u>Collie</u>, finds such reasoning unopposed by plaintiff, and that it is consistent with current case law, and will recommend that plaintiff's IIED claim asserted against Defendant Bunch for acts allegedly occurring

during his employment with Wehr be dismissed with prejudice for non-compliance with the arbitration agreement, all pursuant to Rule 12(b)(1).

Whether such agreement enured to Defendant Bunch's benefit during the term of his employment with either National Hearing Centers, Inc., or The Whipkey Corporation, is not so clear. Defendant Bunch concedes as much in his supporting memorandum, stating that he "is not aware of any such action [cancellation of the arbitration agreement] having been taken by Amplifon, but a hearing may be necessary to make that determination." Bunch Memorandum, at 7. The undersigned appreciates such defendant's candor with the court. From what the court can discern from the pleadings, it appears likely that the arbitration agreement was an asset that was transferred from Wehr to National Hearing Centers, Inc.; however, it appears just as probable that The Whipkey Corporation did not acquire that particular right unless the contract provided for such transfer. To make such determination will, however, require a factual finding that is beyond the scope of a motion to dismiss under either Rule 12(b)(1) or (6), and may be better addressed after discovery and at summary judgment.

The undersigned will, therefore, recommend that any claims asserted against Defendant Bunch while he was employed by Wehr be dismissed under Rule 12(b)(1), and that his motion to dismiss claims arising during the term of employment with National Hearing Centers, Inc., and The Whipkey Corporation, respectively, be denied without prejudice.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1)     Defendant Wehr Dissolution Corporation Motion to Dismiss pursuant to Rule 12(b)(1) be **ALLOWED** in its entirety, and that all claims against this defendant be **DISMISSED** with prejudice;

(2)     Defendant National Hearing Centers, Inc., Motion to Dismiss pursuant to Rule 12(b)(1) be **ALLOWED**, and that the Title VII claim asserted against it be **DISMISSED** with prejudice;

(3)     Defendant Robert F. Bunch Motion to Dismiss pursuant to Rule 12(b)(6) be **ALLOWED** in part and **DENIED** in part without prejudice, as follows:

(A)     the Title VII claim asserted against him be **DISMISSED** with prejudice;

(B)     having converted the Rule 12(b)(6) motion into a Rule 12(b)(1), the Intentional Infliction of Emotional Distress Claim be **DISMISSED** with prejudice as to any claim arising during his term of employment by the corporation now known as Wehr Dissolution Corporation, but that the remainder of such claim survive dismissal without prejudice as to further consideration of dismissal at summary judgment or trial; and

(4)     that all claims against Defendant The Whipkey Corporation proceed without prejudice as to such defendant perfecting its First Affirmative Defense under

Rule 12(b)(6) either at summary judgment or trial.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14) days** of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

This _ȝ\ʂᴛ_ **day of** _ᴍᴀᴄ\_, **2005.**


**DENNIS L. HOWELL**
**UNITED STATES MAGISTRATE JUDGE**

United States District Court
for the
Western District of North Carolina
March 31, 2005


* * MAILING CERTIFICATE OF CLERK * *


Re:  1:05-cv-00024


True and correct copies of the attached were mailed by the clerk to the
following:

George W. Moore, Esq.
P. O. Box 7602
Asheville, NC  28802

Karen M. Tyner, Esq.
Edwards Ballard Bishop Sturm Clark & Keim, PA
P.O. Box 5398
Spartanburg, SC  29304

Jeffrey A. Lehrer, Esq.
Edwards Ballard Bishop Sturm Clark & Keim, PA
P.O. Box 5398
Spartanburg, SC  29304

Stephen B. Williamson, Esq.
Van Winkle, Buck, Wall, Starnes & Davis, P. A.
P. O. Box 7376
Asheville, NC  28802

Jonathan W. Yarbrough, Esq.
Constangy, Brooks & Smith, LLC
80 Peachtree Rd.
Suite 208
Asheville, NC  28803

Kenneth P. Carlson Jr., Esq.
Constangy, Brooks & Smith, LLC
80 Peachtree Rd.
Suite 208
Asheville, NC  28803

Robert S. Phifer, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, PC
400 West Trade St.
Federal Plaza Bldg.
Charlotte, NC  28202

```
cc:
Judge                      ( ✓)
Magistrate Judge           ( ✓)
U.S. Marshal               ( )
Probation                  ( )
U.S. Attorney              ( )
Atty. for Deft.            ( )
Defendant                  ( )
Warden                     ( )
Bureau of Prisons          ( )
Court Reporter             ( )
Courtroom Deputy           ( )
Orig-Security              ( )
Bankruptcy Clerk's Ofc.    ( )
Other_____    ( )
```

Date: __3/31/05__

Frank G. Johns, Clerk

By: __E. Barton__
      Deputy Clerk